## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JENNIFER M. PARROT, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | **CLASS ACTION** |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| FAMILY DOLLAR, INC. and DOLLAR TREE, INC., | ) ) ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff JENNIFER M. PARROT ("Plaintiff"), individually and on behalf of all others similarly situated, through the undersigned attorneys, upon personal knowledge as to her own actions and status, and upon information and belief based upon the investigation of counsel as to the remaining allegations, allege as follows:

## I.      INTRODUCTION

1.      This is a nationwide consumer class action brought by Plaintiff on behalf of all individuals ("Class Members") who purchased Defendants' Tropic Sun Aloe Vera Gel (the "Product") for personal use and not for resale.

2.      Defendants advertise, market, sell, and distribute the Product. The Product's label declares it to be "Made with 100% Pure Aloe." According to the Product's ingredient label, it contains "Aloe Barbadensis Leaf Juice."

1

3.     In reality, according to independent laboratory tests, ***Defendants'
Product contain no actual Aloe Vera at all***.

4.     The Product's label is false, deceptive and misleading, in violation of
the Federal Food Drug & Cosmetics Act and its parallel state statutes, and almost
every state warranty, consumer protection, and product labeling law in the United
States.

## II.    PARTIES

5.     During the relevant period, Plaintiff and the other Class Members, in
Illinois and throughout the United States, purchased the Product through numerous
brick-and-mortar Family Dollar retail locations and online through
www.familydollar.com. Plaintiff and Class Members suffered an injury in fact
caused by the false, fraudulent, unfair, deceptive, and misleading practices set forth
in this Complaint.

6.     Plaintiff Jennifer M. Parrot is a resident and citizen of Markham,
Illinois. In or about 2015 and/or 2016, she purchased the Product at a Family Dollar
store near her home for her own use. Plaintiff and Class Members suffered an injury
in fact caused by the false, fraudulent, unfair, deceptive and misleading practices set
forth in this Complaint. Plaintiff and Class Members would not have purchased the
Product had they known that it contains no Aloe Vera.

7.     Defendant Family Dollar, Inc. ("Family Dollar") is incorporated in the

State of North Carolina, with a principal place of business at 10401 Monroe Road, Matthews, NC 28105-5349. Defendant Dollar Tree, Inc. ("Dollar Tree") is incorporated in the State of Virginia, with a principal place of business at 500 Volvo Parkway, Chesapeake, VA 23320. On information and belief, Dollar Tree acquired Family Dollar in or about July, 2015.

### III.    JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over Plaintiff's class claims pursuant to 28 U.S.C. § 1332(d), because the combined claims of the proposed Class Members exceed $5,000,000 and because Defendant is a citizen of a different state than the named Plaintiff and most Class Members.

9.    This Court has personal jurisdiction over Defendant because Defendants regularly conduct business in this District.

10.    Venue is proper in this District pursuant to: (1) 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; and (2) 28 U.S.C. § 1391(b)(3), in that Defendants are subject to personal jurisdiction in this District.

### IV.    FACTUAL ALLEGATIONS

11.    Aloe Vera gel is made from an extract of the leaf of the Aloe Vera plant.

12.    Aloe Vera is used in many products marketed as moisturizers for dry

and irritated skin. It is also a popular folk remedy, believed by some to treat everything from hypertension to the common cold when ingested.

13.     A 1999 study in the British Journal of General Practice found that consuming Aloe Vera may help lower cholesterol and reduce glucose levels.[1] Naturally, these findings sparked renewed interest in products containing Aloe Vera.

14.     "The global market for Aloe Vera products is estimated to have reached $13 billion, according to information presented at a recent workshop held by the International Aloe Science Council."[2]

15.     Defendants sell the Product with the front label of the bottle clearly referring to the Product as an "Aloe Vera Gel" product that it is made with "100% Pure Aloe":

---

[1]  http://www.aloevera-info.org/downloads/Study_AV_Clinical%20efficacy.pdf, *last accessed* June 9, 2016.

[2] http://www.nutraingredients-usa.com/Markets/Global-aloe-market-estimated-at-13-billion, *last accessed* June 9, 2016.



16.    The ingredients list claims the Product contains "Aloe Barbadensis Leaf Juice":



17.     Plaintiff's counsel had the Product tested, and the results showed that

it does not contain any Acemannan, a key Aloe Vera chemical component.

18.     According to the International Aloe Science Council ("IASC"),

"**[p]roducts that do not contain Acemannan are not considered to be true aloe**

**vera**."[3]

19.    Other authoritative sources also consider Acemannan to be the main active ingredient in properly processed Aloe Vera inner leaf gel.[4] Improper manufacturing processes used by many Aloe Vera product manufacturers can produce products with little or no Acemannan. Currently, most manufacturers do not assay for Acemannan content in their final product.

20.    Here, testing showed no Acemannan, meaning that the Product does not contain true Aloe Vera.

21.    Based on these test results, Defendants' descriptions of the Product as containing "Aloe" or "Aloe Barbadensis Leaf Extract" are false, deceptive, and misleading.

22.    The difference between the Product promised and the Product sold is significant. The lack of Aloe Vera and/or Acemannan in the Product diminishes its value to zero. Consumers, including Plaintiff and Class Members, would not have purchased the Product had they known they contain no detectable amount of Aloe Vera.

23.    At all relevant times, Defendants directed the above-referenced statements and claims, including its claim that the Product contains Aloe Vera, to

---

[3] http://www.iasc.org/Consumers/AloeVeraFAQ.aspx, *last accessed* June 9, 2016 (emphasis in original).

[4] *See* Johnson AR, White AC, McAnalley BH. <u>Comparison of common topical agents for wound treatment: Cytotoxicity for human fibroblast in culture</u>. *Wounds: a compendium of clinical research and practice*. 1989; (3): 186-192.

consumers in general and Class Members in particular, as evidenced by their eventual purchases of the Product.

24.     The listing of "Aloe Barbadensis Leaf Juice" is improper and misleading, as is the claim that the Product is "aloe gel" at all, in that the Product **contain no Aloe Vera or Acemannan**.

25.     Defendants developed and knowingly employ a marketing strategy designed to deceive consumers.

26.     The purpose of this scheme is to stimulate sales and enhance Defendants' profits.

27.     Plaintiff and the other Class Members were in fact misled by Defendants' representations and marketing of its Product.

28.     The absence of Aloe Vera leaves no reason to purchase the Product at all since other comparable products with actual Aloe Vera, or less-expensive products without Aloe Vera, exist.

29.     The Product is defined as a "cosmetic" under 21 U.S.C.S. § 321(i).

30.     Defendants' deceptive statements violate 21 U.S.C.S. § 362(a), which deems a cosmetic product misbranded when the label contains a statement that is "false or misleading in any particular."

31.     The FDA promulgated regulations for compliance with the Food Drug & Cosmetics Act ("FDCA") at 21 C.F.R. §§ 701 *et seq*. (for cosmetics).

32.    Defendants' Product is misbranded under 21 C.F.R. § 701.1(b), which deems cosmetics misbranded when "[t]he labeling of a cosmetic which contains two or more ingredients [is designated] in such labeling by a name which includes or suggests the name of one or more but not all such ingredients." This is deemed misbranding "even though the names of all such ingredients are stated elsewhere in the labeling."

33.     "Aloe Barbadensis Leaf Juice" is listed third of fifteen ingredients on the Product's back label. 21 C.F.R. § 701.3(a) requires "[t]he label on each package of a cosmetic [to] bear the name of each ingredient in descending order of predominance …" It is impossible that "Aloe Barbadensis Leaf Juice" could be the third most predominant ingredient in the Product, since the Product contains none of the chemical markers of Aloe Vera. The labeling is thus a violation of § 701.3(a).

34.    21 C.F.R. § 701.3(c)(2)(i)(b) also requires all Carbomer compounds in cosmetics to be identified by their specific type, *e.g.*, Carbomer 934, 934P, 940, 941, 960, or 961. Defendants' labels violate this standard and merely list the ingredient "Carbomer."

35.    The introduction of misbranded cosmetics into interstate commerce is prohibited under the FDCA and all parallel state statutes cited in this Complaint.

36.    Plaintiff and the other Class Members would not have purchased the

Product had they known that it does not contain Aloe Vera, or had they known about Defendants' scheme to sell the Product as misbranded cosmetics.

## V.     CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action individually and as a representative of all others similarly situated, pursuant to Federal Rule of Civil Procedure 23, on behalf of the below-defined Classes:

> **National Class:** All persons in the United States who, within four (4) years of the filing of this Complaint, purchased the Product.
>
> **Consumer Fraud Multi-State Class:** All persons in the States of California, Florida, Illinois, Massachusetts, Michigan, Missouri, New Hampshire, New Jersey, New York, Rhode Island, and Wisconsin who, within four (4) years of the filing of this Complaint, purchased the Product.[5]

---

[5] The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, et seq., prohibits both unfair and deceptive business acts and practices on the part of entities conducting business with consumers within the State of Illinois. The remaining 49 states and the District of Columbia have similar statutes: Alabama (Ala. Code 1975, § 8-19-1, *et seq.*); Alaska (AS § 45.50.471, *et seq.*); Arizona (A.R.S §§ 44-1521, *et seq.*); Arkansas (Ark. Code §§ 4-88-101, *et seq.*); California (Bus. & Prof. Code §§ 17200, *et seq.* and 17500 *et seq.*); Colorado (C.R.S.A. § 6-1-101, *et seq.*); Connecticut C.G.S.A. § 42-110, *et seq.*); Delaware (6 Del. C. § 2513, *et seq.*); District of Columbia (DC Code § 28-3901, *et seq.*); Florida (FSA § 501.201, *et seq.*); Georgia (OCGA § 10-1-390, *et seq.*); Hawaii (H.R.S. § 480-1, *et seq.*); Idaho (I.C. § 48-601, *et seq.*); Indiana (IN ST § 24-5-0.S-2, *et seq.*); Iowa (Iowa Code Ann.§ 714H.1, *et seq.*); Kansas (K.S.A. § 50-623, *et seq.*); Kentucky (KRS 367.110, *et seq.*); Louisiana (LSA-R.S. 51:1401, *et seq.*); Maine (5 M.R.S.A. § 205-A, *et seq.*); Maryland (MD Code, Commercial Law, § 13-301, *et seq.*); Massachusetts (M.O.L.A. 93A, *et seq.*); Michigan (M.C.L.A. 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.68,*et seq.*); Mississippi (Miss. Code Ann. § 75-24-1, *et seq.*); Missouri (V.A.M.S. § 407, *et seq.*); Montana (Mont. Code Ann. § 30-14-101, *et seq.*); Nebraska (Neb. Rev. St. §§ 59-1601, *et seq.*); Nevada (N.R.S. 41.600, *et seq.*); New Hampshire (N.H. Rev. Stat. § 358-A:1, *et seq.*); New Jersey (N.J.S.A. 56:8, *et seq.*); New Mexico (N.M.S.A. §§ 570012-1, *et seq.*); New York (N.Y. GBL (McKinney) § 349, *et seq.*); North Carolina (N.C. Gen Stat. § 75-1.l, *et seq.*); North Dakota (N.D. Cent. Code Chapter 51-15, *et seq.*); Ohio (R.C. 1345.01, *et seq.*); Oklahoma (15 O.S.2001, §§ 751, *et seq.*); Oregon (ORS 646.605, *et seq.*); Pennsylvania (73 P.S. § 201-1, *et seq.*); Rhode Island (G.L. 1956 § 6-13.1-5.2(8), *et seq.*); South Carolina (SC Code 1976, §§ 39-5-10, *et seq.*); South Dakota (SDCL § 37-24-1, *et seq.*); Tennessee (T.C.A. § 47-18-101, *et seq.*); Utah (UT ST § 13-11-1, *et seq.*); Vermont (9 V.S.A. § 2451, *et seq.*); Virginia (VA ST § 59.1-196, *et seq.*); Washington (RCWA 19.86.010, *et seq.*); West Virginia (W. Va.

> **Illinois Subclass:** All persons in the State of Illinois who, within four (4) years of the filing of this Complaint, purchased the Product.

Excluded from the Classes are Defendants and their affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

38. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

39. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, Class Members number in the thousands to millions. The precise number of Class Members and their addresses are presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class Members may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

---

Code § 46A-1-101, *et seq.*); Wisconsin (WIS. STAT. § 100.18, *et seq.*); and Wyoming (WY ST § 40·12-101, *et seq.*). These statutes uniformly prohibit deceptive, unlawful, unfair, or fraudulent business acts or practices including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact. The States in the Consumer Fraud Multi-State Class are limited to those states with similar consumer fraud laws under the facts of this case as alleged herein: California; Florida; Illinois; Massachusetts; Michigan; Missouri; New Hampshire; New Jersey; New York; Rhode Island; and Wisconsin.

40.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members. Such common questions of law or fact include:

        a.      Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Product are deceptive;

        b.      Whether Defendants' actions violate the state consumer fraud statutes invoked below;

        c.      Whether Defendants breached an express warranty to Plaintiff and Class Members; and

        d.      Whether Defendants were unjustly enriched at the expense of Plaintiff and Class Members.

41.     Defendants engaged in a common course of conduct giving rise to the legal rights Plaintiff seeks to enforce, on behalf of herself and the other Class Members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale in comparison, in both quality and quantity, to the numerous common questions that dominate this action.

42.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the claims of the other members of the Classes because, among other things, all Class Members were comparably injured through Defendants' uniform misconduct described above. Further, there are no defenses

available to Defendants that are unique to Plaintiff or to any particular Class Members.

43. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other Class Members she seeks to represent; she has retained counsel competent and experienced in complex class action litigation; and she will prosecute this action vigorously. The Classes' interests will be fairly and adequately protected by Plaintiff and the undersigned counsel.

44. **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a representative class action, members of the Classes would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. The proposed Classes thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

45. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally

applicable to Plaintiff and the other members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Classes as a whole.

46. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Classes are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class Members to individually seek redress for Defendants' wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation would create a potential for inconsistent or contradictory judgments, and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.   CLAIMS ALLEGED

### FIRST COUNT

**Violation of State Consumer Protection Acts
(On Behalf of the Consumer Fraud Multi-State Class)**

14

47.     Plaintiff incorporates paragraphs 1 through 46 as if fully set forth herein.

48.     Plaintiff brings this claim against Defendants on behalf of herself and the Consumer Fraud Multi-State Class (for purposes of this Count, the "Class").

49.     The Consumer Protection Acts of the states in the Consumer Fraud Multi-State Class[6] prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

50.     Plaintiff and the other members of the Class have standing to pursue a cause of action for violation of the Consumer Protection Acts of the states in the Consumer Fraud Multi-State Class because Plaintiff and members of the Class have suffered an injury in fact and lost money as a result of Defendants' actions set forth herein.

51.     Defendants intended that Plaintiff and each of the other members of the Class would rely upon their deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

---

[6] California (Cal. Bus. & Prof. Code § 17200, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Illinois (815 Ill. Comp. Stat. 505/1, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Missouri (Mo. Rev. Stat. 010, *et seq.*); New Hampshire (N.H.Rev.Stat. § 358-A:1, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New York (N.Y. Gen. Bus. Law § 349, *et seq.*); Rhode Island (G.L.1956 § 6-13.1-5.2(8), *et seq.*); and Wisconsin (WIS. STAT. § 100.18, *et seq.*).

52.    As a result of Defendants' use or employment of unfair or deceptive acts and/or business practices, Plaintiff and each of the other members of the have sustained damages in an amount to be proven at trial.

53.    In addition, Defendants' conduct showed malice, motive, and a reckless disregard of the truth such that an award of punitive damages is appropriate.

## SECOND COUNT

### Breach of Express Warranty, 810 ILCS 5/2-313
### (On Behalf of the National Class and the Illinois Subclass)

54.    Plaintiff incorporates paragraphs 1 through 46 as if fully set forth herein.

55.    Plaintiff brings this claim against Defendants on behalf of herself, the National Class, and the Illinois Subclass (for purposes of this Count, the "Classes").

56.    Plaintiff and each member of the Classes formed a contract with Defendants upon purchasing the Product. The terms of the contract included the promises and affirmations of fact made by Defendants on the Product's packaging and through marketing and advertising, as described above. This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain, and are part of the standardized contract between Plaintiff and the members of the Classes, on the one hand, and Defendants, on the other.

57.     Plaintiff and the members of the Classes performed all conditions precedent to Defendants' liability under this contract when they purchased the Product.

58.     Defendants breached express warranties about the Product and their qualities because Defendants' statements about the Product were false and the Product does not conform to Defendants' affirmations and promises described above.

59.     Plaintiff and the members of the Classes would not have purchased the Product had they known their true nature, namely that it does not contain any Aloe Vera.

60.     As a result of Defendants' breach of warranty, Plaintiff and each member of the Classes has been damaged in an amount equal to the purchase price of the Product and any consequential damages resulting from their purchases.

## THIRD COUNT

### Breach of Implied Warranty, 810 ILCS 5/2-315
### (On Behalf of the National Class and the Illinois Subclass)

61.     Plaintiff incorporates paragraphs 1 through 46 as if fully set forth herein.

62.     Plaintiff brings this claim against Defendants on behalf of herself, the National Class, and the Illinois Subclass (for purposes of this Count, the "Classes").

17

63. Defendants knew and intended that the members of the Classes would be the ultimate consumers of the Product.

64. Defendants sold the Product into the stream of commerce, and Defendants are merchants with respect to goods such as the Product at issue.

65. The Product was not merchantable at the time of sale, because they did not conform – nor could they have conformed – to Defendants' representations as alleged herein.

66. Plaintiff and the other members of the Classes did not receive the benefit of their bargain in purchasing the Product.

67. Because of Defendants' breach of the implied warranty, Plaintiff and the other members of the Classes were injured.

68. As a result of Defendants' breach, Plaintiff and the other members of the Classes have sustained damages.

## **FOURTH COUNT**

**Unjust Enrichment**
**(In the Alternative to the Second and Third Counts,**
**on Behalf of the National Class and the Illinois Subclass)**

69.     Plaintiff incorporates paragraphs 1 through 46 as if fully set forth herein.

70.     Plaintiff brings this claim against Defendants on behalf of herself, the National Class, and the Illinois Subclass (for purposes of this Count, the "Classes").

71.     Plaintiff and the other members of the Classes conferred benefits on Defendants by purchasing the Product.

72.     Defendants have been unjustly enriched in retaining the revenues derived from the purchases of the Product by Plaintiff and the other members of the Classes. Retention of those monies under these circumstances is unjust and inequitable because Defendants' labeling of the Product was misleading to consumers, which caused injuries to Plaintiff and the other members of the Classes because they would have not purchased the Product had they known the true facts, that the Product contained no Aloe Vera.

73.     Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and the other members of the Classes is unjust and

inequitable, Defendants must pay restitution to Plaintiff and the other members of the Classes for its unjust enrichment, as ordered by the Court.

## FIFTH COUNT

**Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act,**
**815 ILCS 505/1,** *et seq.*
**(In the Alternative to the First Count and on Behalf of the Illinois Subclass)**

74.     Plaintiff incorporates paragraphs 1 through 46 as if fully set forth herein.

75.     Plaintiff brings this claim against Defendants on behalf of herself and the Illinois Subclass.

76.     Plaintiff and the Illinois Subclass have standing to pursue a cause of action for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 ILCS 505/1, *et seq.*, because Plaintiff and the members of the Illinois Subclass have suffered an injury in fact and lost money as a result of Defendants' actions as set forth herein.

77.     The ICFA prohibits the use of unfair or deceptive business practices in the conduct of trade or commerce. The ICFA is to be liberally construed to effectuate its purpose.

78.     The IFCA provides:

§ 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the

concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

79.     Illinois has expressly adopted the federal food, drug, and cosmetic labeling requirements as its own: "[a] federal regulation automatically adopted pursuant to this Act takes effect in this State on the date it becomes effective as a Federal regulation." 410 ILCS 620/21. Thus, a violation of federal food, drug and cosmetic labeling laws is also an independent violation of Illinois law and actionable as such.

80.     Pursuant to 410 ILCS 620/19, which mirrors 21 U.S.C. § 362(a), "[a] cosmetic is misbranded – (a) If its labeling is false or misleading in any particular."

81.     Defendants intended that Plaintiff and each of the other members of the Illinois Subclass would rely upon Defendants' deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

82.     Defendants knew or should have known that their representations of fact concerning the Product are material and likely to mislead consumers.

83.     Defendants' practices, acts, and course of conduct in marketing and selling the Product are likely to mislead a reasonable consumer acting reasonably

under the circumstances to his or her detriment. Like Plaintiff, members of the Illinois Subclass would not have purchased the Product had they known that they contain no actual Aloe Vera.

84.    Plaintiff and members of the Illinois Subclass have been directly and proximately damaged by Defendants' actions.

85.    As a result of the Defendants' use or employment of unfair or deceptive acts or business practices, Plaintiff and each of the other members of the Illinois Subclass have sustained damages in an amount to be proven at trial.

86.    In addition, Defendants' conduct showed malice, motive, and a reckless disregard of the truth such that an award of punitive damages is appropriate.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims in this Complaint so triable. Plaintiff also respectfully request leave to amend this Complaint to conform to the evidence, if such amendment is needed for trial.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes and Subclass proposed in this Complaint, respectfully request that the Court enter judgment as follows:

A.    Declaring that this action is a proper class action, certifying the

Classes and Subclass requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

B.    Ordering Defendants to pay actual damages to Plaintiff and the other members of the Classes and Subclass;

C.    Ordering Defendants to pay statutory damages, as provided by the applicable state consumer protection statutes, invoked above, to Plaintiff and the other members of the Classes and Subclass;

D.    Ordering Defendants to pay restitution to Plaintiff and the other members of the Classes and Subclass;

E.    Enjoining Defendants from engaging in the unlawful conduct set forth herein, as provided by the applicable state consumer protection statutes, invoked above;

F.    Ordering Defendants to pay attorneys' fees and litigation costs;

G.    Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

H.    Ordering such other and further relief as may be just and proper.

Dated: January 11, 2017

JENNIFER M. PARROTT, individually and on behalf of all others similarly situated,

By:  */s/ Jeffrey A. Berman*
        One of the Attorneys for Plaintiff
        and the putative Classes and Subclass

        Brian J. Wanca
        Jeffrey A. Berman
        **ANDERSON + WANCA**
        3701 Algonquin Road, Suite 500
        Rolling Meadows, IL  60008
        (847) 368-1500
        bwanca@andersonwanca.com

jberman@andersonwanca.com

Nick Suciu III
**BARBAT, MANSOUR & SUCIU PLLC**
1644 Bracken Rd.
Bloomfield Hills, Michigan 48302
(313) 303-3472
nicksuciu@bmslawyers.com

Jonathan N. Shub
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street
Suite 2100
Philadelphia, PA 19107
(215) 238-1700
jshub@kohnswift.com

Jason Thompson
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
jthompson@sommerspc.com

Jason T. Brown (*Pro Hac Vice* Application
Forthcoming)
Patrick S. Almonrode (*Pro Hac Vice*
Application Forthcoming)
**THE JTB LAW GROUP, LLC**
500 N. Michigan Ave., Suite 600
Chicago, IL 60611
(877) 561-0000
jtb@jtblawgroup.com
patalmonrode@jtblawgroup.com

Gregory F. Coleman (*Pro Hac Vice*
Application Forthcoming)
**GREG COLEMAN LAW, P.C.**
First Tennessee Plaza
800 S. Gay Street

Suite 1100
Knoxville, TN 37929
(865) 247-0090
greg@gregcolemanlaw.com

Michael F. Ram (*Pro Hac Vice* Application
Forthcoming)
Susan S. Brown (*Pro Hac Vice* Application
Forthcoming)
**RAM, OLSON, CEREGHINO &
KOPCZYNSKI LLP**
101 Montgomery Street, Suite 1800
San Francisco, CA  94104
(415) 433-4949
mram@rocklawcal.com
sbrown@rocklawcal.com

Rachel Soffin (*Pro Hac Vice* Application
Forthcoming)
Jonathan B. Cohen (*Pro Hac Vice* Application
Forthcoming)
**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, FL 33602
(813) 223-5505
rsoffin@forthepeople.com
jcohen@forthepeople.com

Donald J. Enright (*Pro Hac Vice* Application
Forthcoming)
Lori G. Feldman (*Pro Hac Vice* Application
Forthcoming)
**LEVI & KORSINSKY LLP**
30 Broad Street, 24th Floor
New York, NY 10004
(212) 363-7500
denright@zlk.com
lfeldman@zlk.com

25

Samuel J. Strauss (*Pro Hac Vice* Application Forthcoming)
**TURKE & STRAUSS LLP**
613 Williamson Street, #209
Madison, WI 53703
(608) 237-1775
sam@turkestrauss.com

*Attorneys for the Plaintiff, the Putative Classes, and Subclass*