# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER M. PARROT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAMILY DOLLAR, INC.,<br><br>Defendant. | Case No. 17 C 222<br><br>Judge Jorge L. Alonso |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's motion to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion [36] is granted.

## BACKGROUND

Defendant Family Dollar, Inc. ("Family Dollar") advertises, markets, sells, and distributes Tropic Sun Aloe Vera Gel (the "Product"), which is a cosmetic product. (Am. Compl. ¶¶ 2, 32, ECF No. 33.) The Product's front label displays an illustration of aloe leaves, states that it is "Made with 100% Pure Aloe," and states that it "Moisturizes," "Soothes," and "Cools." (*Id.* ¶¶ 16-17.) The Product's back label claims that it is "made from fresh Aloe Vera leaves" and lists "Aloe Barbadensis Leaf Juice" as a predominant ingredient. (*Id.* ¶ 18.) Aloe Barbadensis is the scientific name of an aloe plant species used in the manufacturing of consumer products. (*Id.* ¶ 12.)

In "2015 and/or 2016," plaintiff Jennifer Parrot purchased the Product at a Family Dollar store near her home in Illinois. (*Id.* ¶ 6.) Before purchasing the Product, Ms. Parrot read the label

and believed that it contained Aloe Vera. (*Id.*) She valued the Aloe Vera for its "commonly understood skin-healing and sunburn-relief qualities" when purchasing the Product. (*Id.*) Afterward, Ms. Parrot's counsel submitted the Product for testing. (*Id.* ¶ 19.) The results indicated an absence of Acemannan, which is a signature of Aloe Vera. (*Id.* ¶¶ 19-22, 24.) Ms. Parrot acknowledges that improper manufacturing and storage processes can produce a Product with "little or no Acemannan." (*Id.* ¶ 23.)

Based on the test results, Ms. Parrot claims that marketing a product as being made with "100% Pure Aloe Vera" and "Aloe Barbadensis Leaf Juice," when it does not contain Acemannan, is false, deceptive, and misleading cosmetic labeling under the Food Drug and Cosmetic Act, 21 U.S.C. § 362(a) and its implemented regulations, 21 C.F.R. § 701. (*Id.* ¶¶ 24, 32-36.) Ms. Parrot claims that Family Dollar knew or should have known that it was deceiving its customers and misrepresenting the aloe content in the Product. (*Id.* ¶ 26.) She says that she would not have bought the Product if she knew it did not contain Aloe Vera. (*Id.* ¶ 39.)

In her first amended complaint, Ms. Parrot claims that Family Dollar violated 810 ILCS 5/2-313 by breaching its express warranty (Count I) and violated 810 5/2-315 by breaching its implied warranty of merchantability (Count II). Ms. Parrot also claims Family Dollar violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count III), codified as 815 ILCS 515/1, for using unfair or deceptive business practices in the conduct of trade or commerce. She seeks redress for herself and a class of similarly situated individuals. (*Id.* ¶ 40.) She defines the class as "[a]ll persons in the State of Illinois who, within four (4) years of the filing of this Complaint, purchased the Product for personal use and not for resale." (*Id.*) Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim.

**STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017). When deciding Rule 12(b)(6) motions, the Court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n. 1 (7th Cir. 2012)).

A plaintiff alleging fraud under the ICFA must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The complaint must state "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). Stated differently, it must provide the "who, what, where, when and how" of the alleged misrepresentations. *Bank of Am., Nat. Ass'n, v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Rule 9(b) does permit "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally"; that is, allegations of intent or other mental states need only

3

meet the plausibility standard set by Rule 8 and described in *Twombly* and *Iqbal*, not Rule 9(b)'s higher particularity standard. *See Iqbal*, 556 U.S. at 686-87.

## DISCUSSION

### I. Breach of Express and Implied Warranty (Counts I and II)

Family Dollar moves to dismiss the breach of warranty claims, arguing that Ms. Parrot did not (1) provide Family Dollar with pre-suit notice, (2) make any allegations that Family Dollar failed to provide a warranty in a reasonable manner, and (3) allege that the Product is unfit for its ordinary purpose.

Parties create an express warranty when a seller makes an "affirmative statement of fact or promise of an express description of the goods." *Anthony v. Country Life Mfg., LLC*, 70 F. App'x 379, 383 (7th Cir. 2003) (citing *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 634 (2001)). To state a claim for a breach of an express warranty under Illinois law, the complaint must allege (1) the terms of the warranty; (2) a breach or failure of the warranty; (3) a demand upon the defendant to perform under the terms of the warranty by the plaintiff; (4) a failure by the defendant to do so; (5) a compliance with the terms of the warranty by the plaintiff; and (6) a measurement of damages by the terms of the warranty. *See Ibarrola v. Kind LLC*, 83 F. Supp. 3d 751, 759-60 (N.D. Ill. 2015) (citing *Hasek*, 745 N.E.2d at 638). A "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach" prior to filing suit "or be barred from any remedy . . . ." 810 ILCS 5/2-607(3)(a); *see also Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 492-95 (Ill. 1996) (stating that "even if a manufacturer is aware of problems with a particular product line, the notice requirement of section 2-607 is satisfied only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer"). Pre-litigation notice is not required

4

when a party alleges a physical injury or when the defendant had actual knowledge of the product's defect. *Ibarrola v. Kind, LLC*, 83 F.Supp.3d 751, 760 (N.D. Ill. 2015 (citing *Connick*, 675 N.E.2d at 591).

In Illinois, "[u]nless excluded or modified . . . a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 810 ILCS 5/2-314(1). To state a claim for breach of an implied warranty of merchantability under Illinois law, "a plaintiff must allege that (1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages because of the defective goods; and (3) the plaintiff gave the defendant notice of the defect." *Kmak v. Sorin Grp. Deutschland GmbH,* No. 17 C 4759, 2017 WL 8199974, at *6 (N.D. Ill. Dec. 12, 2017) (quoting *Corwin v. Connecticut Valley Arms, Inc.*, 74 F. Supp. 3d 883, 891 (N.D. Ill. 2014)) (citing 810 ILCS 5/2-314) (internal quotation marks omitted). For goods to be merchantable, the good "must be at least . . . fit for the ordinary purposes for which such goods are used . . . ." 810 ILCS 5/2-314(2)(c).

Illinois' statutory requirement for buyers to notify sellers of a breached warranty, or establish actual knowledge, applies to warranties generally, regardless of whether the warranty is express or implied. *See, e.g.*, *Maldonado v. Creative Woodworking Concepts, Inc.*, 694 N.E.2d 1021, 1025 (1998), *as modified on denial of reh'g* (June 12, 1998) ("In every action for breach of warranty, notice is an essential element . . . , and the failure to allege sufficient notice may be a fatal defect in a complaint alleging breach of warranty . . . .").

Family Dollar argues, and Ms. Parrot does not dispute, that she did not provide notice to Family Dollar of the Product's claimed defect prior to filing suit. But plaintiff says that her breach of warranty claims survive because Family Dollar had actual knowledge of the Product's

defect. Ms. Parrot says that she is only required to provide Family with a general outline of how the alleged fraud scheme operated and of their purported role in the scheme.

To assert an exception to the notice requirement for a breach of warranty, a plaintiff must "sufficiently allege factual support" under *Twombly* and *Iqbal* that the defendant had actual knowledge of a breach or failure of an expressed warranty. *See In re Rust-Oleum Restore Mktg., Sales Practices & Prod. Liab. Litig.*, 155 F. Supp. 3d 772, 800-01 (N.D. Ill. 2016). In her first amended complaint, Ms. Parrot fails to do so. She merely alleges that Family Dollar "advertises, markets, sells, and distributes" the Product and concludes that it "knew or should have known the Product contains no detectable amount of aloe." (Am. Compl. ¶¶ 2, 25, ECF No. 33.) Allegations of generalized knowledge about a product's potential defects are insufficient to support a plaintiff's claim of a defendant's actual knowledge. *Connick*, 675 N.E.2d at 494. Ms. Parrot does not allege that Family Dollar manufactures, stores, or knows the specific formulation of the Product. She likewise does not allege that Family Dollar had actual knowledge of the alleged defect of the particular Product she purchased. Moreover, Ms. Parrot does not allege other facts that would support a plausible claim for actual knowledge, such as the existence of other customer complaints or results from internal testing of the products it distributes, sells, or advertises. Accordingly, Counts I and II of the first amended complaint are dismissed.

## II. Illinois Consumer Fraud and Deceptive Business Practices Act (Count III)

Family Dollar moves to dismiss the ICFA claim, arguing that (1) she does not allege a basis for her ICFA claim that is distinct from her breach of warranty claims; and (2) she does not allege with particularity how the alleged representations are false or deceptive.

The ICFA does not apply to simple breach of contract claims. *Grabianski v. Bally Total Fitness Holding Corp.*, 891 F. Supp. 2d 1036, 1047 (N.D. Ill. 2012). It protects consumers

against "unfair or deceptive acts or practices," such as "fraud," "false promise," or the "misrepresentation or the concealment, suppression or omission of any material fact." 810 ILCS 505/2. To state a claim under the ICFA, a plaintiff must allege (1) a deceptive or unfair act or practice by the defendant; (2) the defendant intended that the plaintiff would rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012) (quoting *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010)). A plaintiff must show that the defendant was the proximate cause of the injury. *Id.* Additionally, the heightened pleading standards of Rule 9(b) apply to ICFA claims. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011).

Here, Count III is a breach of express warranty claim presented as an ICFA claim. *See Lambert v. Dollar General Corp.*, No. 16 C 11319, 2017 WL 2619142, at *6 (N.D. Ill. Oct. 19, 2017) (finding plaintiff's ICFA claim regarding Aloe Vera Gel was a breach of express warranty claim "clothed in different garb.") Plaintiff does not allege sufficient facts to distinguish her breach of warranty claim from her ICFA claim. *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 400 (7th Cir. 2011); *see also Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 914 (N.D. Ill. 2013) (finding the same facts underlying the breach of express warranty claim as duplicative and dismissing the plaintiff's misrepresentation claim). Moreover, Ms. Parrot does not allege facts to support deception implicating consumer-protection concerns, which generally involve "sharp practices designed to mislead consumers about a competitor." *Simon v. Oltmann*, No. 98 C 1759, 2001 WL 1035719, at *8 (N.D. Ill. Aug. 31, 2001). Because plaintiff's ICFA claim is duplicative of her breach of warranty claim, her ICFA claim is dismissed.

## CONCLUSION

For these reasons, defendants' motion to dismiss [36] is granted, and plaintiff's claims are dismissed without prejudice. Plaintiff is given an opportunity to amend her complaint by June 5, 2018 to state a claim or this case will be dismissed with prejudice. Status hearing previously set for May 31, 2018 is stricken and reset to June 6, 2018 at 9:30 a.m.

**SO ORDERED.**                                                         **ENTERED: May 8, 2018**

_____
**HON. JORGE ALONSO**
**United States District Judge**