UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER PARROTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 222 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| FAMILY DOLLAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Dissatisfied with the contents of the gel she purchased from defendant Family Dollar, Inc., plaintiff Jennifer Parrott ("Parrott")[1] filed this suit. In her second-amended complaint, Parrott asserts that defendant breached express (Count I) and implied (Count II) warranties and violated the Illinois Consumer Fraud and Deceptive Trade Practices Act.[2] Defendant moves to dismiss. For the reasons set forth below, the Court grants the motion.

---

[1] Plaintiff's attorneys spell her name differently in different places, but, most recently, her attorneys have referred to her as Parrott. The Court will do the same.

[2] The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2). Plaintiff has alleged that there are "thousands" of class members (2d. Am. Complt. ¶ 51) and that the amount in controversy exceeds $5,000,000.00 (2d. Am. Complt. ¶ 9). Named plaintiff Parrott is a citizen of Illinois (2d. Am. Complt. ¶ 6), and defendant is a citizen of North Carolina, its state of incorporation and the location of its principal place of business (2d. Am. Complt. ¶ 8). Thus, at least one plaintiff is "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

I.  BACKGROUND

The following facts are from plaintiff's second-amended complaint, and the Court takes them as true.

Years ago (plaintiff is able to pinpoint the time frame to either the year 2015 or the year 2016), plaintiff purchased from defendant a plastic bottle of gel labeled "Tropic Sun Aloe Vera Gel." On the front label, below the words "Aloe Vera Gel[,]" the label says "Made with 100% Pure Aloe[.]" A label on the back of the bottle lists ingredients. "Aloe Barbadensis Leaf Juice" is listed as the third ingredient, behind water and glycerin. The label on the back of the bottle also states that it is "made from fresh Aloe Vera leaves."

Plaintiff claims that her attorney commissioned a test "on a bottle of the same Product as Plaintiff purchased" (2d. Am. Complt. ¶ 24) and learned that it did not contain Aloe Vera or Aloe Barbadensis Leaf Juice. Specifically, plaintiff alleges that acemannan, which plaintiff alleges is "a signature Aloe Vera chemical component that indicates the presence of Aloe, was not detected in the sample of Defendant's product." (2d. Am. Complt. ¶ 19).

Plaintiff alleges that defendant "knew or should have known the Product actually contains no detectable amount of aloe." (2d. Am. Complt. ¶ 31).[3] Specifically, plaintiff alleges defendants "knew the Product's actual product category," knew how it was labeled and knew what it contained. (2d. Am. Complt. ¶¶ 26, 27, 29). Plaintiff alleges that defendant requires products to be tested prior to sale and that this testing should have clued defendant in to the alleged fact that the product did not contain aloe.

---

[3] Plaintiff often uses the terms aloe and aloe vera as if they were interchangeable, but aloe vera is one of many plants in the aloe genus.

Although the product caused plaintiff no physical injury, she says she suffered monetary injury, because she would not have purchased the product "had she known [it] did not contain aloe." (2d. Am. Complt. ¶ 7). Plaintiff alleges she was damaged in the amount she paid for the product.

## II.   STANDARD ON A MOTION TO DISMISS

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Conclusory allegations "are not entitled to be assumed true," nor are legal conclusions. *Iqbal*, 556 U.S. at 680 & 681 (noting that a "legal conclusion" was "not entitled to the assumption of truth[;]" and rejecting, as conclusory, allegations that "'petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement"). The notice-pleading rule "does not unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679.

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, the "circumstances constituting fraud" must be alleged with particularity. Fed.R.Civ.P. 9(b).

### III. DISCUSSION

#### A. Actual knowledge of warranty claims

In Count I, plaintiff asserts a claim for breach of express warranty under 810 ILCS 5/2-313. In Count II, plaintiff asserts a claim for breach of implied warranty under 810 ILCS 5/2-315. The parties agree that such claims are barred unless plaintiff plausibly alleges that defendant had actual knowledge of the defect. *See* 810 ILCS 5/2-607(3)(a) ("the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy"); *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 492 (Ill. 1996) ("Direct notice is not required when . . . the seller has actual knowledge of the defect of the particular product."). The parties disagree about whether plaintiff has adequately alleged actual knowledge.

In *Connick*, the Illinois Supreme Court explained that "generalized knowledge" of a product line's problems is not enough to establish actual knowledge of a particular plaintiff's problem with a particular product. *Connick*, 174 Ill.2d at 493. There, the Illinois Supreme Court quoted Judge Learned Hand, who had said:

> The notice 'of the breach' required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of *buyer's claim* that they constitute a breach.

*Connick*, 174 Ill.2d at 493-94 (quoting *American Mfg. Co. v. United States Shipping Board Emergency Fleet Corp.*, 7 F.2d 565, 566 (2d Cir. 1925)). The Illinois Supreme Court went on to say:

> Thus, even if a manufacturer is aware of problems with a particular product line, the notice requirement of section 2-607 is satisfied only where the manufacturer is somehow apprised of the trouble with the *particular product* purchased by *a particular buyer*.

*Connick*, 174 Ill.2d at 494 (emphasis added). The Illinois Supreme Court cited examples of cases where actual knowledge was satisfied because: (1) the "seller hospital removed [the] defective medical device from [the] plaintiff," *Malawy v. Richards Mfg. Co.*, 150 Ill.App.3d 549 (1986); (2) the "seller's employee visited plaintiff 'to get to the bottom of why' the product was malfunctioning," *Crest Container Corp. v. R.H. Bishop Co.*, 111 Ill.App.3d 1068 (1982); and (3) the "car was towed to the seller's auto dealership and [the] seller's employees were told that the car needed major repairs," *Overland Bond & Investment Corp. v. Howard*, 9 Ill.App.3d 348 (1972). *Connick*, 174 Ill.2d at 494. The Illinois Supreme Court then affirmed the dismissal of plaintiffs' warranty claims, concluding that the plaintiffs' allegations that defendant knew of safety concerns with and unfavorable reviews of the vehicle did not suffice to allege "actual knowledge of the alleged breach of the particular products purchased by the named plaintiffs in this lawsuit." *Connick*, 174 Ill.2d at 494.

The same is true here. Plaintiff alleges that defendant knew what product category the product fell in, knew the contents of the product and knew how it was labeled. Plaintiff further alleges that defendant's quality testing program should have alerted it to the alleged problem. Finally, plaintiff alleges that defendant knew or should have known that the product did not contain aloe vera. These allegations, though, are merely allegations of general knowledge of a problem with the product line, and that does not suffice under *Connick*. *See Anthony v. Country*

5

*Life Mfg., LLC*, 70 Fed.Appx. 379, 384 (7th Cir. 2003) (affirming dismissal of warranty claims and noting that allegations defendant "knew that its products contained stevia and cholecaliciferol [and] therefore knew of the defect" did not suffice to allege actual knowledge); *In re: 100% Grated Parmesan Cheese Marketing and Sales Practices Lit'n*, __ F.Supp.3d __, __, 2019 WL 3202805 (N.D. Ill. July 16, 2019); *Muir v. Nature's Bounty, Inc.*, Case No. 15 C 9835, 2017 WL 4310650 at *3 (N.D. Ill. Sept. 28, 2017) ("[Plaintiff] argues that actual notice is satisfied by his allegation that [defendant] performed 'purity and potency' testing on its St. John's Wort product, and therefore knew that each and every product in the line was defective, including the bottle that he purchased. But the actual knowledge exception . . . is extremely narrow.").

Thus, the Court agrees with defendant that plaintiff has not, in this, her third attempt, plausibly alleged that defendant had actual knowledge of the problem with the particular product purchased by her. Accordingly, defendant's motion to dismiss is granted as to Counts I and II. Counts I and II are dismissed with prejudice.

### B. Illinois Consumer Fraud Act

In Count III, plaintiff asserts a claim under the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1 et seq. To state a claim, plaintiff must allege: "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill.2d 100, 180 (Ill. 2005).

Defendant seeks to dismiss Count III on the grounds that one cannot make a fraud claim out of a breach of contract. *Avery*, 216 Ill.2d at 169 ("A breach of contractual promise, without

more, is not actionable under the Consumer Fraud Act."); *see also Greenberger v. GEICO General Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) ("Here, as in *Avery*, the consumer-fraud and contract claims rest on the same factual foundation; no distinct deceptive acts are alleged."). In *Avery*, the Illinois Supreme Court said, "[a]s a matter of law, plaintiffs' consumer fraud claim may not be based on the assertions that [defendant] breached its promise to restore plaintiffs' vehicles to their 'pre-loss condition' or that [defendant] breached its promise to repair plaintiffs' vehicles using parts of 'like kind and quality.'" *Avery*, 216 Ill.2d at 170. Nonetheless, the Illinois Supreme Court concluded that the consumers in *Avery* had included allegations of deceptive acts—distinct from the breach of contract—that would support a claim under the ICFA: they alleged defendant, during the claims process, "did not disclose to plaintiffs that they were . . . using inferior, imitation parts[.]" *Avery*, 216 Ill.2d at 177.

An express warranty is part of a contract. *See* 810 ILCS 5/2-313(a) ("Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and *becomes part of the basis of the bargain* creates an express warranty.") (emphasis added); *Beckett v. F.W. Woolworth Co.*, 376 Ill. 470, 473 (Ill. 1941) ("An express warranty is one imposed by the parties of the contract and is part of the contract of sale, whereas an implied warranty is not one of the contractual elements of an agreement but is, instead, imposed by law."). Because express warranty claims are contract-based and because a plaintiff cannot base a claim under the ICFA on a breach of contract, courts have dismissed claims under the ICFA that are nothing more than claims for breach of express warranty. *Lambert v. Dollar General Corp.*, Case No. 16 C 11319, 2017 WL 2619142 at *6 (N.D. Ill. June 16, 2017) ("[T]he Court agrees that Plaintiffs' ICFA claim is merely its breach of express warranty claim clothed in different garb. . . . Therefore, the Court . . . dismisses Plaintiff's ICFA claim as duplicative of their claims for breach of express

7

warranty."); *Reid v. Unilever U.S., Inc.*, 964 F. Supp.2d 893, 913 (N.D. Ill. 2013) ("to the extent that Plaintiff's allegations [under the ICFA] are duplicative of their breach of warranties action in Count I, they must be dismissed").

On the flip-side, Courts have allowed ICFA claims to proceed where a plaintiff alleges deceptive conduct beyond a breach of warranty. *Pappas v. Pella Corp.*, 363 Ill.App.3d 795, 800 (1st Dist. 2006) ("In this case, there is no evidence that the claims in plaintiffs' Third Amended Complaint are based on a simple breach of warranty or breach of contract by Pella. Plaintiffs allege Pella knew its aluminum clad windows would allow water to enter, causing wood rot and deterioration, and failed to disclose these facts to plaintiffs prior to their purchase of the windows. Plaintiffs do not allege Pella breached any promises to them."); *Miles v. American Honda Motor Co.*, Case No. 17 C 4423, 2017 WL 4742193 at *4 (N.D. Ill. Oct. 19, 2017) ("Unlike *Lambert*, in the instant case plaintiffs allege more than a breach of an express warranty. They allege that defendant was aware of a specific defect that not only rendered the vehicle not drivable, but also created a significant health concern to its users. The complaint also alleges that defendant continued to advertise that the vehicle was safe, despite knowing it was not. These claims go beyond the simple breach of express warranty and are sufficient to state a claim under the Illinois Consumer Fraud Act.").

Plaintiff does not argue that *Avery* is inapplicable to breach of express warranty claims, and she alleges the misrepresentations on the label were part of a contract.[4] Plaintiff does not,

---

[4] Specifically, in her complaint, plaintiff alleges "Plaintiff and each member of the Class formed a contract with Defendant upon purchasing the Product. The terms of the contract included the promises and affirmations of fact made by Defendant on the Product's packaging[.]" (2d. Am. Complt. ¶ 60). These contract allegations are not incorporated into her fraud claim ((2d. Am. Complt. ¶ 79) ("Plaintiff incorporates paragraphs 1 through 57 as if fully set forth herein.")), so perhaps she was intending to plead these claims in the alternative. *Cf. Cohen v. American Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013) ("A plaintiff may plead as follows: (1) there is an

8

however, point out any deception separate from her breach of express warranty, as the plaintiffs did in *Pappas* and *Miles*. Instead, plaintiff argues that her claim can proceed, because it "implicates consumer protection concerns." *Avery* mentions no such test for distinguishing between claims that are or are not simple breaches of a promise. The implicates-consumer-protection-concerns test is primarily used to determine whether a non-consumer may proceed on a claim under the ICFA. *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 595 n. 79 (7th Cir. 2017); *Simon v. Oltmann*, Case No. 98 C 1759, 2001 WL 1035719 at *8 (N.D. Ill. Aug. 31, 2001) ("Of course, non-consumers may bring actions under the [ICFA]. A business may assert a claim against another if the alleged wrong involves trade practices aimed at the market generally or otherwise implicates consumer protection concerns."); *Empire Home Servs., Inc. v. Carpet Am., Inc.*, 274 Ill.App.3d 666, 669 (1st Dist. 1995) ("When a dispute under the Consumer Fraud Act involves businesses who are not consumers of each other's products, the issue is whether the alleged conduct . . . otherwise implicates consumer protection concerns."). Here, the parties do not dispute whether plaintiff is a consumer. They dispute whether plaintiff has alleged any deceptive conduct beyond the express warranty. Plaintiff has not pointed any out, and the Court has not found any in her second amended complaint.

Accordingly, defendant's motion to dismiss Count III is granted. The Court believes it is possible for plaintiff to cure the defect, so the Court will grant leave to amend Count III. Count

---

express contract, and the defendant is liable for breach of it; and (2) if there is *not* an express contract, then the defendant is liable for unjustly enriching himself at my expense."). The Court, however, did not dismiss the claim due to plaintiff's inability to allege the existence of an express warranty. Plaintiff could and did plead the existence of an express warranty. The Court dismissed the claim, because she failed to give notice.

III is dismissed without prejudice. Plaintiff is granted 28 days in which to file an amended complaint.

IV. **CONCLUSION**

For the reasons set forth above, the Court grants defendant's motion to dismiss [83]. The Court dismisses Counts I and II with prejudice. The Court dismisses Count III without prejudice. Plaintiff is granted 28 days in which to file a third amended complaint should she so choose. This case is set for a status hearing on October 31, 2019 at 9:30 a.m.

**SO ORDERED.** ENTERED: September 20, 2019

_____
**HON. JORGE ALONSO**
**United States District Judge**