UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER PARROTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 222 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| FAMILY DOLLAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's motion [99] to dismiss Count III is granted. Previously-dismissed Counts I and II are stricken from plaintiff's third-amended complaint. Civil case terminated.

**STATEMENT**

The Court previously dismissed plaintiff's second-amended complaint. The Court dismissed with prejudice Counts I (for breach of express warranty) and II (for breach of implied warranty), because plaintiff had not alleged she had provided notice or that the defendant had actual knowledge. The Court dismissed without prejudice (and with leave to amend) Count III under the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA").

Plaintiff filed a third-amended complaint that presents three counts: Count I for breach of express warranty; Count II for breach of implied warranty; and Count III under the ICFA. In footnotes, plaintiff states that she repleads Counts I and II (despite the Court's having previously dismissed those counts with prejudice) in order to preserve them for appeal. (3d Am. Complt. at 14 n. 8, 16 n. 9). That is unnecessary and improper. The Seventh Circuit has concluded "that dismissed claims need not be included in an amended complaint, because the final judgment brings up all previous rulings in the case." *Smith v. National Health Care Services of Peoria*, 934 F.2d 95, 98 (7th Cir. 1991) (citing *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 682-83

(7th Cir. 1990)).  Accordingly, Counts I and II are stricken from plaintiff's third-amended complaint.

Defendant moves to dismiss Count III.  The reason the Court dismissed this count before was that plaintiff had not alleged a deceptive act that was separate from a breach of express warranty.  In *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill.2d 100, 169 (Ill. 2005), the Illinois Supreme Court held that "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act."  An express warranty is part of a contract.  *See* 810 ILCS 5/2-313(a) ("Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and *becomes part of the basis of the bargain* creates an express warranty.") (emphasis added); *Beckett v. F.W. Woolworth Co.*, 376 Ill. 470, 473 (Ill. 1941) ("An express warranty is one imposed by the parties of the contract and is part of the contract of sale, whereas an implied warranty is not one of the contractual elements of an agreement but is, instead, imposed by law.").  Because express-warranty claims are contract-based and because a plaintiff cannot base a claim under the ICFA on a breach of contract, the Court dismissed plaintiff's ICFA claim for being based on a breach of contract.  *See Lambert v. Dollar General Corp.*, Case No. 16 C 11319, 2017 WL 2619142 at *6 (N.D. Ill. June 16, 2017) ("[T]he Court agrees that Plaintiffs' ICFA claim is merely its breach of express warranty claim clothed in different garb. . . . Therefore, the Court . . . dismisses Plaintiffs' ICFA claim as duplicative of their claims for breach of express warranty."); *Reid v. Unilever U.S., Inc.*, 964 F. Supp.2d 893, 913 (N.D. Ill. 2013) ("to the extent that Plaintiffs' allegations [under the ICFA] are duplicative of their breach of warranties action in Count I, they must be dismissed").

The Court allowed plaintiff leave to amend, because it was conceivable that plaintiff could state a claim.  Courts have allowed ICFA claims to proceed where a plaintiff alleges

deceptive conduct beyond a breach of warranty. *See Pappas v. Pella Corp.*, 363 Ill.App.3d 795, 800 (1st Dist. 2006) ("In this case, there is no evidence that the claims in plaintiffs' Third Amended Complaint are based on a simple breach of warranty or breach of contract by Pella. Plaintiffs allege Pella knew its aluminum clad windows would allow water to enter, causing wood rot and deterioration, and failed to disclose these facts to plaintiffs prior to their purchase of the windows. Plaintiffs do not allege Pella breached any promises to them."); *Miles v. American Honda Motor Co. Inc.*, Case No. 17 C 4423, 2017 WL 4742193 at *4 (N.D. Ill. Oct. 19, 2017) ("Unlike *Lambert*, in the instant case plaintiffs allege more than a breach of an express warranty. They allege that defendant was aware of a specific defect that not only rendered the vehicle not drivable, but also created a significant health concern to its users. The complaint also alleges that defendant continued to advertise that the vehicle was safe, despite knowing it was not. These claims go beyond the simple breach of express warranty and are sufficient to state a claim under the Illinois Consumer Fraud Act.").

In attempting to allege an ICFA claim that is not merely a breach of contract, it is insufficient merely to restate the same contract breach as an omission. *Greenberger v. GEICO General Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) ("[Plaintiff] insists that his consumer-fraud claim is based on more than a simple breach of contract because it alleges both a 'false promise' and a material 'omission[.]' . . . These allegations, however, are nothing more than restatements of the claimed breach of contract, albeit using the language of fraud."); *Medina v. Public Storage, Inc.*, Case No. 12 C 170, 2014 WL 1715517 at *8 (N.D. Ill. April 30, 2014) ("And although the plaintiffs use buzzwords such as 'material omission,' there is a common pool of factual allegations and the ICFA claim is simply a restatement of the claimed breaches of contract."). Thus, in *Greenberger*, the Seventh Circuit concluded plaintiff's allegation that

3

defendant "fail[ed] to disclose to policyholders that it would not keep this promise" was merely a restatement of his allegation that defendant had breached the policy; and, therefore, it did not state a claim under the ICFA. *Greenberger*, 631 F.3d at 399.

Accordingly, if plaintiff's third-amended complaint alleges omissions that are merely restatements of the dismissed express-warranty claim, then, as defendant points out, plaintiff would still fail to state a claim under the ICFA.[1] For example, plaintiff's breach of warranty claim was based on statements on the Product's label, including such statements as: (a) "Made with 100% Pure Aloe[;]" and (b) "made from fresh Aloe Vera leaves." Thus, allegations that defendant omitted or failed to inform plaintiff that the product was not made with 100% pure aloe or that the Product was not made from fresh Aloe Vera leaves would not be actionable under the ICFA. Such allegations would merely be restated breach-of-express-warranty claims (which plaintiff cannot pursue for lack of notice).

Plaintiff's third-amended complaint adds two main allegations. First, plaintiff now alleges "[d]efendant concealed and omitted that the Product was of such inferior quality that it does not offer the benefits of 'aloe vera[.]'" (3d Am. Complt. ¶ 32). Second, plaintiff alleges "[d]efendant concealed the material fact that the lack of discernable Aloe Vera in the Product renders it to be of inferior quality[.]" (3d Am. Complt. ¶¶ 26 & 88 (defendant "fail[ed] to inform them of the inferior quality of the Product"). The Court will consider each in turn.

### *Benefits of aloe vera*

At first blush, plaintiff's allegation that defendant "concealed or omitted that the Product . . . does not offer the benefits of 'aloe vera'" sounds like an allegation distinct from a breach of

---

[1] Once again, plaintiff does not argue that *Avery* is inapplicable to claims for breach of express warranty, so the argument is waived. *Fednav Int'l. Ltd v. Continental Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010).

express warranty. Plaintiff's other allegations, though, confirm that it is merely a restatement of a claim for breach of express warranty.

Plaintiff alleges that the benefits of aloe vera include "burn and/or sunburn relief" (3d Am. Complt. ¶ 13) and that aloe "is widely sought as a treatment for burns and sunburn" (3d Am. Complt. ¶ 38). In her brief, plaintiff argues that the reason she purchased the Product was "because she wanted aloe to heal her skin and give her relief from sunburn." (Plf. Brief at 3/Docket 103 at 4). Plaintiff also alleges that the Product's label expressly states it "helps to soothe and cool sunburned or dry skin." (3d Am. Complt. ¶ 38). Thus, plaintiff's allegation that defendant failed to disclose that the Product did not provide the benefits of aloe vera is just another way of alleging a breach of the promise that the Product would soothe and cool sunburned or dry skin. As such, the allegations do not state a claim under the ICFA.

*Inferior quality*

Next, plaintiff now alleges defendant failed to disclose "that the lack of discernable Aloe Vera in the Product renders it to be of inferior quality." This allegation fails for two reasons, both of which defendant points out. First, a failure to disclose "the lack of discernable Aloe" is merely a restatement of plaintiff's claim for breach of express warranty, namely breach of the promise on the Product's label that the product contains aloe. As such, it is no different from a claim for breach of express warranty and is not actionable under the ICFA.

Second, plaintiff has not cited any cases suggesting it is fraud under the ICFA for a company to fail to disclose that its product is of inferior quality. In *Avery*, the Illinois Supreme Court explained:

> Whether the consumer product is automobiles, toasters or something else, there will always be some brands of that product that are not as good as, or which are 'categorically inferior' to, other brands of the same product. The state's economy

5

would come to a grinding halt if the sale of anything less than the single, best brand of every consumer good were considered fraudulent.

*Avery*, 216 Ill.2d at 171. The Illinois Supreme Court also explained:

[M]any businesses undoubtedly sell products with the knowledge that those products are not as good as other brands on the market. Under plaintiff's reasoning, it would appear that to avoid liability under the [ICFA], every knowing sale of a brand of product which is not the top brand would have to carry a disclaimer: 'Notice, our brand is not, on the whole, as good as our competitor's.' Thus, adopting plaintiffs' argument would appear to work a significant expansion of liability under the Act.

*Avery*, 216 Ill.2d at 193. A federal court sitting in diversity jurisdiction "must be reluctant 'to expand state law.'" *Vision Church v. Village of Long Grove*, 468 F.3d 975, 1004 (7th Cir. 2006) (quoting *J.S. Sweet Co. v. Sika Chem. Corp.*, 400 F.3d 1028, 1034 (7th Cir. 2005)).

For these reasons, defendant's motion to dismiss is granted.

SO ORDERED.            ENTERED: April 16, 2020

 

JORGE L. ALONSO
United States District Judge